UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW BENNETT,

          Petitioner,

   v.                                             CAUSE NO. 3:19-CV-119-DRL-MGG

WARDEN,

          Respondent.

## OPINION & ORDER

Matthew Bennett, a prisoner without a lawyer, filed a habeas corpus petition challenging his 2013 convictions in Delaware County for armed robbery, aggravated battery, and auto theft. For the following reasons, the court denies the petition.

## BACKGROUND

The court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). Mr. Bennett has the burden to rebut this presumption with clear and convincing evidence. *Id.* On post-conviction review, the Indiana Court of Appeals set forth the facts underlying Mr. Bennett's convictions as follows:

> On August 4, 2011, Doroteo Chavez and Abel Trejo stopped at a gas station in Muncie where they encountered a woman named Spring Miller. They arranged to meet Spring later that night so that Spring could dance for them. Spring subsequently met up with her husband Robert Miller and Bennett. Robert and Bennett informed Spring that they planned to accompany Spring to her meeting with Chavez and Trejo so that they could rob them. Spring did not wish to participate in the robbery, but because Bennett was armed with a handgun and threatened to hurt her children, she agreed to assist the two men.
>
> Spring texted Chavez and Trejo and asked them to come pick her up at an apartment. When they arrived, Spring went outside to meet them while Robert and Bennett went to the alley behind the apartment building. Spring got in a vehicle with Chavez and Trejo and directed them to drive a very short distance to an address on Celia Avenue where there was a house set back from the road. After arriving at the house, Spring led the men out of the vehicle and to the porch of the house. It was so dark outside that Spring used the light on her cell phone to help see where they were going. As they

>were walking up the steps onto the porch, Spring heard sticks breaking "like somebody walking . . . coming real fast." Spring then heard a "big woosh" and a "big crunch" as Robert struck Trejo in the head with a baseball bat. Trejo immediately fell to the ground twitching and gasping for air. Spring then saw Bennett wrestling with Chavez on the ground. Spring heard Bennett order Chavez to stay on the ground. Robert and Bennett began searching Trejo's and Chavez's pockets. Trejo testified at trial that the two men took his wallet containing more than $400, along with identification cards and driver's licenses.
>
>Spring ran from the scene. A few minutes later, as she was walking on Jackson Street, Robert pulled up next to her driving the vehicle that Chavez and Trejo had been driving earlier. Bennett was in the passenger seat. The men ordered Spring to get into the vehicle. Spring complied because Bennett was still armed with the handgun. Meanwhile, Chavez and Trejo managed to get to a nearby fast food restaurant and contacted police to report the robbery. Officer Ron Miller of the Muncie Police Department responded to the scene. When he arrived, he observed that both Chavez and Trejo appeared to have suffered head injuries and their faces were bloody. Trejo was lapsing in and out of consciousness and, due to his injuries, was unable to communicate with Officer Miller. Officer Miller summoned an ambulance, and the two victims were taken to Ball Memorial Hospital.

*Bennett v. State*, 98 N.E.3d 135 (Table), 2018 WL 1770322, 1 (Ind. Ct. App. Apr. 13, 2018) (internal citations omitted). The state charged Mr. Bennett with five offenses: aggravated battery of Mr. Trejo, battery of Mr. Chavez by means of a deadly weapon, armed robbery of Mr. Trejo, armed robbery of Mr. Chavez, and auto theft. *Id.* The jury found him guilty of aggravated battery of Mr. Trejo, armed robbery of Mr. Trejo, and auto theft, and acquitted him on the other counts. *Id.*

On direct appeal, Mr. Bennett raised the following claims: (1) his release from pretrial detention and placement on probation for another criminal conviction violated his speedy trial rights under Indiana Criminal Rule 4(B)(1); (2) his aggravated battery and robbery convictions were based on "the same evidence" in violation of state double jeopardy principles; (3) there was insufficient evidence to show that Trejo suffered injuries creating a substantial risk of death; and (4) the trial court committed reversible error by failing to instruct the jury that the state had to disprove Mr. Bennett's alibi defense beyond a reasonable doubt (ECF 8-2 at 5). The Indiana Court of Appeals rejected these arguments and affirmed Mr. Bennett's convictions in all respects. *Bennett v. State*, 3 N.E.3d 1092 (Table), 2014 WL 352177 (Ind. Ct. App. Jan. 31, 2014). The Indiana Supreme Court denied transfer.

2

Mr. Bennett then filed a state post-conviction petition. In the post-conviction proceedings, he asserted the following claims: (1) his trial counsel was ineffective in failing to raise an objection at sentencing based on state double jeopardy principles; and (2) his counsel was ineffective on appeal in failing to adequately brief his state law double jeopardy argument (ECF 7-1). Following an evidentiary hearing, the court denied the petition. The Indiana Court of Appeals affirmed the denial of post-conviction relief, concluding that Mr. Bennett could not show prejudice in connection with his ineffective assistance claims because his convictions did not violate state double jeopardy principles. *Bennett*, 2018 WL 1770322, at 3-6. The Indiana Supreme Court denied transfer. *Bennett v. State*, 102 N.E.3d 889 (Ind. 2018).

He then filed this federal petition raising two claims, which he articulates as follows: (1) "the state used the same evidence from the armed robbery conviction to support the aggravated battery conviction," and (2) "the state used evidence from the Chavez robbery to support the Trejo robbery and aggravated battery conviction."

DISCUSSION

Mr. Bennett's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This standard is "difficult to meet" and "highly deferential." *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). "It is not enough for a petitioner to show the state court's application of federal law was incorrect; rather, he must show the application was unreasonable, which is a 'substantially higher threshold.'" *Hoglund*, 959 F.3d at 832 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). In effect, "[a] petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Hoglund*, 959 F.3d at 832. The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground, or the claim was not presented to the state courts and the time for doing so has passed. *Davila*, 137 S. Ct. at 2064; *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Turning to the petition, in claim one Mr. Bennett asserts that "the state used the same evidence from the armed robbery conviction to support the aggravated battery conviction" (ECF 1 at 2). The

4

respondent argues that this claim is not cognizable or is procedurally defaulted. The court agrees. Although Mr. Bennett doesn't articulate the source of law underlying his first claim, he is asserting a double jeopardy claim based on Indiana's "actual evidence" test.[1] *See Richardson v. State*, 717 N.E2d 32 (Ind. 1999) (holding that, under Indiana law, two convictions violate double jeopardy principles if they are based on the same "actual evidence"). However, an error of state law does not provide a cognizable basis for granting federal habeas relief. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

To the extent Mr. Bennett is trying to repackage this claim as arising under the Double Jeopardy Clause in the United States Constitution, he didn't raise any such claim in the state proceedings. Instead, his double jeopardy claims all relied on state law (*see* ECF 8-2; ECF 7-1). To exhaust a claim under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner must "present both the operative facts and the legal principles that control each claim to the state judiciary" at each level of state review. *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007). This includes alerting the state court to the "federal nature" of the claim. *Baldwin*, 541 U.S. at 33. Mr. Bennett didn't do that here. He hasn't responded to the state's procedural default argument or provided grounds for excusing his default. Therefore, this claim is denied.

In claim two, Mr. Bennett asserts that "the state used evidence from the Chavez robbery to support the Trejo robbery and aggravated battery conviction" (ECF 1 at 3). The respondent argues that this claim is procedurally defaulted because it was never raised in state court. The court again agrees. The source of law underlying this claim isn't clear from the petition, but Mr. Bennett can only obtain habeas relief if he shows that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Bennett didn't assert any federal claim in the state proceedings based on this set of facts; and the time for doing so has passed, as his direct appeal and

---

[1] Indiana law provides broader protection than the Fifth Amendment Double Jeopardy Clause, under which a "same elements" test applies. *See United States v. Dixon*, 509 U.S. 688, 670 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

post-conviction proceedings have now concluded. Thus, his claim is procedurally defaulted. *Davila*, 137 S. Ct. at 2064. He doesn't identify a basis for excusing his default.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Given the clarity of the procedural default here, the court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Bennett to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

## CONCLUSION

Accordingly, the court DENIES the petition (ECF 1) and a certificate of appealability and DIRECTS the clerk to close this case.

SO ORDERED.

August 10, 2020  *s/ Damon R. Leichty*
Judge, United States District Court